## CIRCUIT COURT OF THE CITY OF RICHMOND

Sue E. Sussman

v.

HCA Health Services of Va., Inc.
and Mira Lynn Price

December 16, 1983

Case No. LG-687

By JUDGE WILLARD I. WALKER

For the reasons stated hereinafter, the motion of the defendants to set aside the verdict of the jury and to award a new trial, either because the verdict is excessive or because of the improper comments by plaintiff's attorney in closing argument, is overruled and judgment will be entered upon the verdict of the jury.

First of all, with the degree of out-of-pocket expenses in excess of fourteen thousand dollars and the unattractive and permanent scar, plus the other evidence of damages on the part of the plaintiff, it clearly cannot be said that a verdict of $100,000 is excessive.

The main thrust of the argument of the defendants has to do with plaintiff's counsel's making reference on more than one occasion during argument to the amount sued for. Plaintiff's attorney initially told the jury that the papers which he filed asked for an amount of damages in the amount of $375,000. He indicated that was a figure he put in the papers but

that it was done after serious consideration. He further told the jury that they should decide what amount the plaintiff should recover and to make that sum fair and reasonable. He then again mentioned the amount sued for following his comment about having given the matter serious consideration as to the amount to be included in the ad damnum clause. Other portions of the argument of counsel for the plaintiff emphasized that the jury was to award that sum which was fair and reasonable. Near the close of his initial summation, counsel did say the following. "And, again I say to you that the amount sued for is what --." At this point, counsel for the defendants, Mr. Rosewell Page, indicated that he had a motion to make and the court understood this was a motion for mistrial. Mr. Emanuel Emroch, plaintiff's attorney, indicated that he was not going to mention the amount sued for. Mr. Page retorted that this was the third time, and he would like to make a motion, at which point the court took the matter under advisement until the end of closing arguments.

At the end of closing arguments, the court considered the motion for mistrial, continued to take the matter under advisement, and sent the case to the jury. The jury returned a verdict for the plaintiff in the amount of $100,000.

This question, to what extent counsel for the plaintiff or the defendant can refer to the amount sued for in the case, seems to be governed principally by the case of Phillips v. Fulghum, 203 Va. 543 (1962), with some additional comments contained in State Farm v. Futrell, 209 Va. 266 (1968). To state it briefly, the opinions of the Supreme Court of Virginia do not seem to state that counsel is restricted to only one mention of the amount sued for, nor that more than one indication along that line would be ground for a mistrial of the case, particularly where the court has given the instruction to the jury, as I did in this case, that the amount sued for is not to be considered by them as evidence in the case and they are not to base their verdict upon that amount.

It has long been the practice in this court that the plaintiff's attorney is allowed to tell the jury the amount sued for but should only mention it once and should not comment on it beyond saying that was the amount sued for. Further, if the plaintiff's attorney was going to tell the jury the amount sued for, the court would tell them that figure was not to be considered by them in arriving at their verdict. However, in this particular case, there was no comment made, nor ruling made by the court, according to my own recollection and the record in the case, which advised counsel for the plaintiff that he could not mention the amount sued for more than once. On preliminary motions before the trial began, there was a discussion as to whether or not the plaintiff's attorney could mention the amount sued for in the opening statement. I ruled at that time that he could not do so because opening statements were to talk about evidence and the amount sued for was not evidence in the case. There was no exception taken to this ruling by the court, and counsel for the plaintiff did not mention the amount sued for in his opening statement. Had I at that time instructed counsel that he could only mention the amount sued for once in his closing argument, and that he could not elaborate upon the mere mention of the amount sued for, then his mentioning the amount sued for more than once or making statements about the amount sued for which would tend to indicate to the jury his own opinion as to the reasonableness of that sum would give me cause to react differently to defendant's motion for mistrial. If the court instructs counsel not to mention the amount sued for more than once, and if counsel for the plaintiff disagrees with that ruling, then counsel for the plaintiff can note an objection and preserve his point for later appeal. If counsel for the plaintiff were not to object to the court's ruling, or having objected were not to abide by the court's ruling, then it seems to me that the ability of the court to conduct orderly proceedings in accordance with its own rulings and the law of the case would be infringed upon, unless the court were to declare a mistrial.

In this case, however, these events did not take place. Accordingly, based on the statements of the Supreme Court of Virginia in Phillips v. Fulghum, 203 Va. 543, it would not be proper for the court to grant the defendants motion for a mistrial in this case based on the statements of the plaintiff's attorney in his closing summation.